Exhibit 13

Westlaw.

2/11/97 NYLJ 27, (col. 1)                                                           Page 1
2/11/97 N.Y.L.J. 27, (col. 1)
(Publication page references are not available for this document.)

New York Law Journal
Volume 217, Number 28
Copyright 1997 by the New York Law Publishing Company

Tuesday, February 11, 1997
Court Decisions
First Judicial Department
New York County
Supreme Court:  IA Part 50
PEOPLE V. ALBERT MELINO

Justice Adlerberg

Defendant moves to dismiss the instant indictment upon constitutional due process
and speedy trial grounds.  He contends that the 47 month delay between the incid-
ent which is the subject of the indictment and the commencement of prosecution is
unjustified and unreasonable.  The People oppose the application.

Factual Background

In 1991, the office of the United States Attorney for the Northern District of
New York, in cooperation with the New York State Police and the New York State Or-
ganized Crime Task Force, undertook an investigation into narcotics trafficking in
Kingston and Saugerties, New York.  The focus of the investigation was a ring
which was distributing multi-kilograms of cocaine in the area.  The investigation
revealed that the ring had several sources of supply, some of which were in the
New York City area.  Defendant was ultimately identified as one of these sources.

On December 14, 1991, in Queens County defendant allegedly sold approximately
half a kilogram of cocaine to an individual who intended to transport the narcot-
ics to an upstate location.  The individual was arrested a short time later and
agreed to cooperate with the authorities.  The People claim that in a subsequent
conversation with an undercover police officer working on the joint investigation,
the defendant admitted that he had made the sale.

Undercover police officers subsequently met with and spoke to the defendant, and
from approximately February 11, 1992 to March 17, 1992 they negotiated a purchase
of a kilogram of cocaine for $20,000.  Most of the conversations concerning the
transaction occurred in Bronx County, and were all recorded. Defendant ultimately
told the undercover officers that he did not trust them and broke off negoti-
ations:  No transfer ever occurred.

In March, 1992, indictments were obtained and seventeen individuals were arrested

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

2/11/97 NYLJ 27, (col. 1)                                          Page 2
2/11/97 N.Y.L.J. 27, (col. 1)
(Publication page references are not available for this document.)

in connection with the joint investigation.  Defendant was not among those arres-
ted or indicted.  It should be noted that the New York City Police Department, the
New York County District Attorney's Office and the Office of the Special Narcotics
Prosecutor for the City of New York were never involved in the investigation, and,
except for the announced prosecutions, they were apparently not told of its res-
ults.

In June, 1992, defendant became a police officer with the New York City Police
Department.  He was sworn in after an investigation of his background that neces-
sarily included contact with state and federal law enforcement authorities.  No
information concerning these allegations surfaced.  After first being assigned to
the 24th Pct. in Manhattan, in early 1994 he was transferred to the Homicide In-
vestigation Unit (HIU) of the Manhattan D.A.'s Office.  While serving with HIU, he
was involved in several major homicide and narcotics prosecutions and testified on
a number of occasions in what were, In some instances, high profile cases.  De-
fendant's counsel describes his police service as "distinguished and even heroic"
and the People, in their answer, do not dispute this characterization.

In January, 1996, the Police Department's Internal Affairs Division was informed
by a State Trooper of the allegations against defendant.  The Official Corruption
Unit of the New York County District Attorney's Office was informed, and defendant
was arrested and accused of Criminal Sale of a Controlled Substance in the First
Degree and Criminal Possession of a Controlled Substance in the First Degree.  He
was placed on modified duty, and subsequently dismissed from the Police Department
without a hearing.

The felony complaint filed against the defendant in New York County Criminal
Court was dismissed on June 10, 1996, and the records were ordered sealed.
However, on July 11, 1996, the instant indictment was filed.

## Conclusions of Law

Courts of this state have long held that "unreasonable delay in prosecuting a de-
fendant constitutes a denial of due process of law."  People v. Singer, 44 NY2d
241, 253 (1978); People v. Staley, 41 NY 2d 789, 791 (1977).  An unjustified delay
in commencing prosecution may require dismissal even though no actual prejudice to
the defendant is shown.  People v. Singer, supra, at 253-254.  Where there has
been a prolonged delay the People have the burden of establishing good cause for
the delay.  People v. Lesiuk, 81 NY2d 485, 490 (1993).

There is no doubt that the delay in the instant case qualifies as  "prolonged."
The period of delay in the Singer case was 42 months and that in the Staley case,
31 months.  Indeed, in the recent case of People v. Andine, 214 AD2d 373, (1st
Dept. 95), appeal dismissed 87 NY2d 842 (1995) the First Department reversed an
Assault in the First Degree conviction based upon the unexcused, pre-indictment
delay of four years and seven months.  While the trial court had denied defend-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

2/11/97 NYLJ 27, (col. 1)                                                    Page 3
2/11/97 N.Y.L.J. 27, (col. 1)
(Publication page references are not available for this document.)

ant's motion to dismiss, holding that the delay was not attributable to the police
or district attorney, the Appellate Division reaffirming the principles set forth
in Singer held that dismissal of the indictment was mandated given the unjustified
lengthy delay.  It also concluded that in such situations the defendant need not
present proof of prejudice.

The People correctly point out that delays of even longer periods than 47 months
have been held not violative of due process.  However, in those instances the
delays have generally been found justified, or the issue of justification was not
raised.  (People v. Brown, 209 AD2d 233 [1st Dept. 1994] nine year delay did not
result in dismissal since there was no dispute as to facts showing that the in-
vestigation proceeded in good faith); (People v. Collins, 154 AD2d 901 [4th Dept
1989] six year delay upheld because the defendant failed to raise the issue at the
trial level).

In fact, while the Singer "good cause" standard has been expanded to include such
concepts as "good faith" and "diligent effort," it is clear that prolonged delay
in prosecuting a defendant will result in dismissal unless there is a rational
basis for the delay.  The defendant points out that to establish "good cause" the
People must demonstrate that deferring prosecution here involved something of mo-
numental importance.  However, the People have been unable to establish any viable
reason why the prosecutorial authorities sat back and permitted this defendant to
become a police officer; arrest hundreds of individuals; testify in major homicide
and narcotics cases; and place convictions obtained through his testimony in jeop-
ardy; not to mention allowing him to place his own life on the line on a regular
basis.

The facts of this case establish in crystal clear fashion that there was no af-
firmative decision to defer prosecution for good cause, since there was no reason
to do so.  Law enforcement merely was negligent.  The authorities fell asleep at
the switch.

The People argue that the negligence of state and federal authorities should not
be imputed to the office of the District Attorney of New York County. While it is
true that the District Attorney Office moved with admirable speed, the knowledge
of defendant's prior activities began with New York State and federal law enforce-
ment authorities, and their knowledge constituted notice to the state's criminal
justice system.  People v. Fuller 57 NY2d 152, 160 (1982); People v. Masselli, 13
NY2d 1 (1964).  Accordingly, the indictment must be dismissed.

The foregoing constitutes the decision and order of the court.

2/11/97 NYLJ 27, (col. 1)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.