UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PABLO FERNANDEZ,

           Petitioner,

           v.

MICHAEL CAPRA,

           Respondent.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/16
```

00 CV 7601 (KMW)

OPINION AND ORDER

KIMBA M. WOOD, District Judge:

I have reviewed de novo Magistrate Judge Gorenstein's meticulously reasoned and documented October 9, 2014, Report and Recommendation ("R&R") that the Petition for Habeas Corpus be denied in this case, and I adopt his R&R.

With respect to Magistrate Judge Gorenstein's recommendation that relief based on Petitioner's Brady claim be denied, Petitioner argues (1) that Magistrate Judge Gorenstein was wrong to fail to find unreasonable the state court's conclusion that the Brady material was "preliminary" or "speculative" before the conclusion of Petitioner's trial, and (2) that he was wrong to fail to find unreasonable the state court's conclusion that no duty to disclose arose before the conclusion of Petitioner's trial. In this connection, Petitioner argues that Magistrate Judge Gorenstein overlooked portions of Petitioner's Brady arguments. Even accepting, arguendo, (1) Petitioner's contention that the Brady material should have been disclosed no later than January 16, 1996; and accepting, arguendo, (2) that the Brady material would have caused defense counsel to focus more on Molino's role in the investigation; and assuming, arguendo, (3) that trial counsel would have adopted all of Petitioner's other hypothetical changes of trial tactics, and that the trial testimony would have been as hypothesized by Petitioner (including that

three eyewitnesses would not have identified Petitioner as the shooter), the Court's review of the totality of the evidence supports the conclusion that the likelihood of acquittal even with that usage of the impeachment material is not "great enough to undermine[ ] confidence in the outcome of the trial." Smith v. Caior, 132 S.Ct. 627, 630 (2012).

With respect to the argument that prosecutorial misconduct resulted in perjured testimony at trial, the Court finds that Justice Allen's findings that the trial testimony was not perjured was not an unreasonable determination, for largely the reasons stated in the R&R, and that none of the post-trial "evidence" cited by Petitioner would render Justice Allen's findings unreasonable.

The Court thus denies the writ of habeas corpus, and denies the other relief sought by Petitioner.

SO ORDERED.

Dated: New York, New York
November 1, 2016

_____
THE HON. KIMBA M. WOOD
United States District Judge